NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3112

RICK L. HARDY,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Rick L. Hardy, of Grayson, Kentucky, pro se.

Brian T. Edmunds, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3112

RICK L. HARDY,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  October 4, 2007

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Rick L. Hardy ("Hardy") appeals from the decision of the Merit Systems Protection Board (the "Board") affirming the decision of the Administrative Judge ("AJ") that rejected his constructive suspension and denial of restoration claims under 5 U.S.C. § 7512 and 5 C.F.R. § 353, respectively.  <u>Hardy v. U.S. Postal Serv.</u>, CH-0353-05-0849-I-1 (M.S.P.B. Jan. 10, 2007) ("<u>Board Decision</u>").  Because Hardy fails to identify any reversible error, we <u>affirm</u>.

## BACKGROUND

On May 29, 2002, while serving as a PS-6 General Expeditor at the United States Postal Services' ("USPS") Ashland, Kentucky, Processing and Distribution

Center (the "Ashland Post Office"), Hardy suffered an on-the-job injury affecting his right shoulder and aggravating a back condition. Despite his injury, Hardy attempted to continue to work at the Ashland Post Office, but eventually applied for workers' compensation benefits from the Department of Labor Office of Workers' Compensation Programs ("OWCP"). OWCP accepted his claim and Hardy began receiving benefits in July 2003. Board Decision at 2. Hardy also applied for disability retirement and, in April 2004, the Office of Personnel Management ("OPM") informed him that his application had been accepted. Id. On May 3, 2004, he was formally separated with disability retirement benefits. Hardy, however, chose to continue receiving worker's compensation benefits in lieu of OPM retirement benefits. Id.

Apparently unprompted by a request from Hardy, the USPS presented him with a modified job offer on July 21, 2004 (the "modified job offer"). Hardy declined that offer one week later. In his rejection of the offer, he stated, "THIS IS WHY OPM HAS ALREADY RETIRED ME & I AM OFFICIALLY SEPARATED FROM YOUR ORG. (AS OF 4/28/04). I DO NOT WISH TO RETURN." Id. at 2-3. Hardy further noted that he was unable to work eight hours per day, as the modified job required, and he requested that USPS send OPM additional information regarding his health and insurance status that was necessary for the processing of his "retirement check." Id. at 3.

In August 2004, at the request of USPS, OWCP ruled that the modified job offered to Hardy was "suitable," but that he had been accepted for, and intended to receive, OPM disability retirement benefits. In October 2004, OPM informed Hardy that he had to elect either OWCP benefits or OPM disability retirement benefits, but not both. Hardy elected to continue receiving OWCP benefits. Id.

2007-3112

-2-

In January 2005, and again in April 2005, OWCP directed Hardy to undergo medical examinations. Both examinations found him to have no continuing disabling condition. As a result, OWCP informed Hardy on June 16, and again on July 18, that his OWCP benefits would be terminated, effective July 23, 2005. OWCP also informed him of his restoration rights as a fully-recovered employee. Hardy filed a request for reconsideration of the termination of his benefits on July 28, 2005. Id.

On August 2, 2005, Hardy reported to the Ashland Post Office for work. He was told that he was no longer on the employee rolls. One week later, Hardy sent a letter to the Ashland postmaster asserting that he had been involuntarily terminated and requesting administrative paid leave until the situation could be remedied. On August 22, 2005, he filed a mixed appeal with the Board alleging, inter alia, constructive suspension, denial of restoration, and unlawful disability discrimination. Id.

From August 2, 2005, the date when Hardy reported to the Ashland Post Office, to December 2, 2005, USPS filled two positions within his commuting area. On December 2, 2005, USPS placed Hardy on the reemployment priority list. Id. at 15.

On March 13, 2006, the AJ denied Hardy's appeal. Hardy v. U.S. Postal Serv., CH-0353-05-0849-I-1 (M.S.P.B. Mar. 13, 2006) ("Initial Decision"). The AJ construed Hardy's appeal to consist of three distinct claims, namely, a constructive suspension claim, a denial of restoration claim stemming from the modified job offer, and a denial of restoration claim stemming from the termination of Hardy's OWCP benefits without rehiring him. As to the constructive suspension claim, the AJ found that Hardy was not a preference-eligible employee and therefore could not bring a claim for constructive suspension under 5 U.S.C. § 75. Initial Decision at 6, 7; Hardy v. U.S. Postal Serv.,

CH-0752-06-0267-I-1 (M.S.P.B. Mar. 31, 2006) ("Preference-Eligibility Decision"). Furthermore, the AJ found that even if Hardy were preference-eligible, the constructive suspension claim failed since Hardy had not shown that USPS had violated any agency policy, regulation or contract. Initial Decision at 7-8. With regard to the denial of restoration claims, the AJ concluded that the Board lacked jurisdiction. In so finding, the AJ relied on, inter alia, OWCP's determination that the modified job offer was a suitable one, evidence that indicated that after June 16, 2005, Hardy's injuries were non-compensable, and Hardy's failure to follow USPS requests. Id. at 8-14. Lastly, the AJ determined that Hardy's appeal was untimely. Id. at 15.[1]

Hardy appealed the ruling of the AJ to the full Board. The Board reversed the AJ's finding that Hardy's claim was untimely. Board Decision at 9. However, as to the constructive suspension claim, the Board held that collateral estoppel barred Hardy's request to overturn the AJ's ruling that Hardy was not a preference-eligible employee. The Board further found that Hardy had shown no evidence to suggest he was preference-eligible. Id. at 7-8. The Board also affirmed the dismissal of Hardy's denial of restoration claims stemming from the modified job offer. Id. at 11. Lastly, the Board held that Hardy had not proven by a preponderance of the evidence that USPS had acted arbitrarily and capriciously in denying him a job after August 2, 2005, or in terminating his OWCP benefits. Id. at 18.

---

[1] The AJ also construed Hardy's appeal to embody a claim of employment discrimination, which was dismissed for lack of jurisdiction. Initial Decision at 18. The Board reversed the AJ by finding jurisdiction over that claim, but held that Hardy had not carried his burden of proof on the issue. Board's Decision at 18-21. In the present appeal, Hardy has waived any discrimination claim.

2007-3112

Hardy timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213 (Fed. Cir. 2003). Hardy, as the petitioner, has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See id. at 1213-14.

While Hardy raises numerous arguments on appeal, he primarily argues that the Board failed to properly consider the facts and testimony presented during the Board appeal, and that, if it had done so, it would have found that USPS violated 5 C.F.R. § 353.301. Hardy claims that USPS's modified job offer of July 21, 2004 was unsuitable given his health status, and that jurisdiction exists for the Board to hear his claim. He further alleges that the failure of OPM to place him in one of the two positions that became available from the time he reported to work until the time he was placed on the priority reemployment list was an arbitrary and capricious denial of restoration.

USPS responds that the board properly dismissed Hardy's appeal. Hardy's claim that the modified job offer was unsuitable, USPS argues, was properly dismissed for

lack of jurisdiction, since Hardy himself declined the offer and refused future work. USPS argues that the record indicates that OWCP found the modified job offer to be suitable based on multiple medical opinions. According to USPS, its refusal to place Hardy in one of the two vacant positions that became available was not an arbitrary or capricious denial of restoration, since Hardy himself caused confusion about his medical and employment status, and Hardy had not demonstrated that he was qualified for either position.

We agree with USPS that the Board properly dismissed Hardy's claim of a constructive suspension after his OWCP benefits ended on July 23, 2005. To appeal a constructive suspension under 5 U.S.C. §§ 7512 and 7513, Hardy must show, by a preponderance of the evidence, that he had completed one year of continuous service in the same position and that he was either a preference-eligible employee, a management employee, or an employee engaged in personnel work other than in a purely non-confidential clerical capacity. 39 U.S.C. § 1005(a)(4)(A); 5 C.F.R. § 1201.56(a)(2)(i). In a separately docketed case, the AJ found that Hardy was not preference-eligible; a ruling that Hardy has not appealed. Initial Decision at 6, 7; Preference-Eligibility Decision. Hardy has not presented any evidence that he was a management employee or that he was engaged in personnel work. Initial Decision at 7; Board Decision at 7. Hardy's attempt to reargue that he is a preference-eligible employee is precluded by collateral estoppel, since the identical issue was fully and fairly litigated in a prior action and it was necessary to the resulting judgment. Preference-Eligibility Decision; see Kroeger v. U.S. Postal Serv., 865 F.2d 235, 239 (Fed. Cir. 1988). Hardy's failure to demonstrate that he is a preference-eligible

employee, or otherwise eligible to appeal a constructive suspension, removes that claim from the Board's jurisdiction.

We also agree with USPS that Hardy's denial of restoration rights claim, stemming from the modified job offer, was properly dismissed. 5 C.F.R. § 353.304(c) establishes Hardy's appeal rights as a partially-recovered individual. The Board has interpreted this regulation, establishing that it requires that a partially-recovered employee allege facts which, if proven, would show: (1) the appellant was absent from his position due to a compensable injury and continues to receive compensation from OWCP; (2) the appellant has sufficiently recovered to qualify for either part-time work or less demanding work; (3) the appellant's request for restoration was denied; and (4) the denial was arbitrary and capricious. Chen v. U.S. Postal Serv., 97 M.S.P.R. 527, 533 (2004). Thus, Hardy must show that he was sufficiently qualified for part-time or less demanding work and that he requested restoration, neither of which Hardy alleges in this appeal. Board Decision at 11. The Board properly held that he failed to do so. Thus, we affirm that portion of the Board's ruling.

We further agree with USPS that Hardy has not shown by a preponderance of the evidence that USPS violated his restoration rights by canceling his OWCP benefits and failing to place him on the priority reemployment list on August 2, 2005. Only fully-recovered employees are entitled to priority placement under 5 C.F.R. § 353.301(b), and, as Hardy himself acknowledges, partially-recovered employees are not. Board Decision at 17. Thus, because Hardy is a partially-recovered employee, as he has maintained throughout the appeals process, he would not be entitled to priority placement under § 353.301(b). Id. USPS's failure to grant him priority reemployment

2007-3112

-7-

rights, to which he was not legally entitled, cannot be characterized as arbitrary or capricious.   We find no reason to overturn the Board's decision on this issue.

We have considered all of the remaining arguments Hardy raised in its briefs and found none that justify a reversal.  To the extent that Hardy is challenging the Board's factual determinations, they are supported by substantial evidence. Accordingly, because Hardy fails to identify any reversible error, we <u>affirm</u>.