NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATHANIEL MCDANIEL,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

---

2012-3183

---

Petition for Review of the Merit Systems Protection Board in No. SF0353110075-I-2.

---

Decided: March 8, 2013

---

NATHANIEL MCDANIEL, of Los Angeles, California, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington,

DC, for respondent. With him on the brief was KEISHA DAWN BELL, Acting General Counsel.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

———————————

Before LOURIE, BRYSON, and DYK, *Circuit Judges.*

PER CURIAM.

Nathaniel McDaniel ("McDaniel") appeals from the final order of the Merit Systems Protection Board ("the Board") dismissing both of his petitions for review for lack of jurisdiction. *See McDaniel v. United States Postal Serv.*, No. SF-0353-11-0075-I-2 (M.S.P.B. Sept. 2, 2011) ("*075 Initial Decision*"); *McDaniel v. United States Postal Serv.*, No. SF-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-I-2 (M.S.P.B. Sept. 2, 2011) ("*167 Initial Decision*"); (M.S.P.B. June 28, 2012) ("*Final Order*"). Because the Board did not err in dismissing McDaniel's petitions for lack of jurisdiction, we *affirm.*

BACKGROUND

McDaniel was employed as a part-time flexible distribution clerk at a United States Postal Service ("USPS") facility in Altadena, California. On December 28, 2004, USPS terminated McDaniel based on a charge of Failure to Follow Instructions/Failure to Report as Scheduled/Absence Without Leave. In August 2003, prior to his removal by the Postal Service, McDaniel filed a claim for disability benefits with the Department of Labor's Office of Worker's Compensation Program ("OWCP"). On March 17, 2006, OWCP accepted McDaniel's claim with a May 19, 2003 date of injury.

On May 29, 2009, OWCP informed USPS that McDaniel's treating physician had indicated he could work with restrictions, and it invited USPS to offer McDaniel light duty if such employment was available. USPS did not offer such a position to McDaniel. On August 10, 2010, McDaniel sent a letter to USPS requesting restoration and citing OWCP's May 29, 2009 letter. On August 11, 2010, McDaniel's psychiatrist, Dr. Goldsmith, prepared and submitted a written report to OWCP stating that McDaniel's "work-related adjustment disorder ha[d] resolved" and that McDaniel was able to return to work so long as it was in one of three locations: Los Angeles, CA; Manhattan Beach, CA; or El Segundo, CA. USPS searched for an available position in those three locations but, on September 16, 2010, notified McDaniel that no positions were available. Further, on August 20, 2010, in response to Dr. Goldsmith's report, OWCP proposed to terminate McDaniel's disability benefits because of Dr. Goldsmith's conclusion that he had recovered from his adjustment disorder.

On October 25, 2010, McDaniel appealed to the Board, asserting that the Postal Service impermissibly refused to restore him to employment in response to his August 10, 2010 letter, and that his removal constituted unlawful discrimination. The administrative judge ("AJ") issued an Order to Show Cause on December 2, 2010, notifying the petitioner that the Board may lack jurisdiction over his appeal and informing him of the applicable law. In response, McDaniel asserted that OWCP's May 29, 2009 letter inviting USPS to provide him with light duty constituted a request for restoration and that USPS had arbitrarily and capriciously denied that request. Because OWCP's letter included restrictions according to which McDaniel could return to light duty work and encouraged USPS to offer him such work, the AJ treated that letter as a separate request for restoration and docketed a second appeal.

The AJ subsequently dismissed both appeals for lack of jurisdiction. With respect to the first appeal, the AJ, applying the standard to establish jurisdiction for fully recovered former employees, determined that McDaniel had failed to make a non-frivolous allegation that he had been denied restoration due to the employment of another person over himself. *075 Initial Decision* at 8. With respect to the second appeal, the AJ determined that because OWCP's May 29, 2009 letter to USPS, which formed the basis of the second appeal, was a request by OWCP and was not a request by McDaniel, he had failed to make non-frivolous allegations that he, himself, had requested restoration prior to his August 10, 2010 letter. *167 Initial Decision* at 6–7. Because the AJ determined that the Board lacked jurisdiction over both appeals, the AJ also dismissed McDaniel's pendent claims alleging that his removal had constituted unlawful discrimination on the ground that the Board lacked independent jurisdiction over those affirmative defenses. *075 Initial Decision* at 10; *167 Initial Decision* at 6.

McDaniel petitioned for review by the full Board. After consolidating both appeals, the Board affirmed both dismissals for lack of jurisdiction. *Final Order* at 9, 11. With respect to the first appeal, however, the Board added that the proper legal standard governing McDaniel's claim was that which is applicable to partially recovered—not fully recovered—former employees. *Final Order* at 7. Nevertheless, the Board concluded that the appeal was properly dismissed for lack of jurisdiction because McDaniel had failed to make a non-frivolous allegation (sufficient to entitle him to a jurisdictional hearing) that USPS's denial of his August 10, 2010 request for restoration was arbitrary and capricious. *Final Order* at 8–9. The initial decisions of the AJ, as modified by the Board's partially recovered former employee analysis, thus became the decision of the Board.

McDaniel appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit. Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which we review without deference. *Kelley v. Merit Sys. Prot. Bd.*, 241 F.3d 1368, 1369 (Fed. Cir. 2001). The Board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). An appellant has the burden to establish the Board's jurisdiction by a preponderance of the evidence. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); 5 C.F.R. § 1201.56(a)(2)(i). A preponderance of the evidence is that "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.56(c)(2).

On appeal, McDaniel argues that the Board applied the wrong law and failed to take into account relevant facts. Although he states that the Board identified the AJ's application of the wrong legal standard in the first appeal, that of a fully recovered individual, he does not point to any error in the Board's subsequent analysis under the partially recovered individual standard. McDaniel further contends that, in the second appeal, the Board failed to take

into account the fact that he made a request for restoration in his August 10, 2010 letter.

The government responds that the Board correctly dismissed McDaniel's petitions. The government contends that, although the Board acknowledged the AJ's use of the wrong standard, the Board remedied that by applying the partially recovered individual standard. The government further notes that McDaniel appears to be conflating the appeals. The government contends that the August 10, 2010 letter formed the basis for the first appeal so the Board utilized it in that appeal. The second appeal, however, dealt with the May 29, 2009 letter from OWCP that was treated as a separate request for restoration. Thus, the government states, the Board correctly limited the August 10, 2010 letter to the first appeal.

We agree with the government that the Board properly denied McDaniel's petitions for review for lack of jurisdiction. First, although McDaniel argues that the Board applied the wrong law, the Board corrected that error by analyzing McDaniel's allegations under the partially recovered standard. Second, in order to establish jurisdiction over a restoration claim as a partially recovered individual, the appellant must prove by preponderant evidence that, among other things, the denial was arbitrary and capricious because of USPS's failure to perform its obligations under 5 C.F.R. § 353.301(d), requiring USPS to "make every effort to restore [the employee] in the local commuting area[.]" *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1104 (Fed. Cir. 2011). The Board found that USPS had received McDaniel's August 10, 2010 letter stating that he could return to partial work and, immediately thereafter, received Dr. Goldsmith's August 11, 2010 report indicating that McDaniel could assume full work duties. The Board held that USPS did not act arbitrarily and capriciously when denying McDaniel's request because they were dealing with conflicting information regarding the petitioner's

ability to work. *Final Order* at 8 (citing *Hardy v. U.S.P.S.*, 104 M.S.P.R. 387, ¶21, *aff'd*, 250 F. App'x 332 (Fed. Cir. 2007); *Bynum v. U.S.P.S.*, 112 M.S.P.R. 403, ¶22 (2009), *aff'd*, 382 F. App'x 934 (Fed. Cir. 2010)).

Further, 5 C.F.R. § 353.30(d) requires USPS to "make every effort to restore [the employee] in the local commuting area[.]" However, as the Board noted, no positions were available in the relevant area at the time of McDaniel's request. *See Final Order* at 10 (citing a sworn declaration by USPS stating "that [USPS] has not hired in any relevant positions at the three relevant facilities since August 2007"). We see no reason to disturb the Board's determination that McDaniel failed to make a non-frivolous allegation of jurisdiction.

McDaniel further argues that the Board failed to take into account his August 10, 2010 letter requesting restoration when dismissing the second appeal. The Board dismissed the second appeal because the May 29, 2009 letter from OWCP, the basis of the second appeal, "did not constitute a request for restoration because it was not a letter from [McDaniel]." *Final Order* at 11 (citing *Wright v. U.S. Postal. Serv.*, 62 M.S.P.R. 122, 126, *aff'd*, 42 F.3d 1410 (Fed. Cir. 1994)). The August 10, 2010 letter from McDaniel was separately dealt with in the first appeal. The Board specifically noted the differences in these letters when stating, in response to McDaniel's similar allegations to the Board, that "the appellant's August 10, 2010 letter requesting restoration is the subject of the [first] appeal and is irrelevant to the [second] appeal." *Final Order* at 10. The Board thus properly dealt with the August 10, 2010 letter and we see no reason to disturb the Board's determination.

We have considered McDaniel's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is

**AFFIRMED**

COSTS

No costs.