**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THADDEUS A. KNIGHT,<br>     Appellant, | DOCKET NUMBER<br>AT-0353-14-0002-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>     Agency. | DATE: September 29, 2014 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Thaddeus A. Knight</u>, Coral Springs, Florida, pro se.

<u>Jeannette Wise</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    In a nonprecedential order in *Knight v. Department of Justice*, MSPB Docket No. AT-0752-13-0332-I-1, Final Order (Sept. 24, 2013), the Board noted that the appellant may be alleging in his petition for review that the agency improperly restored him following partial recovery from a compensable injury, and the Board forwarded that claim to the Atlanta Regional Office for docketing as a new appeal. *See Knight v. Department of Justice*, MSPB Docket No. AT-0353-14-0002-I-1, Initial Appeal File (IAF), Tab 1. This appeal followed. *Id.*

¶3    In his response to the Acknowledgment Order, the appellant asserted that he had recovered sufficiently to return to duty. IAF, Tab 3 at 4. In support of this assertion, he produced documentation showing that the Office of Workers' Compensation Programs (OWCP) contacted the agency on June 19, 2013, and informed the agency that: (1) the appellant "was released to return to limited duty work activities with permanent restrictions" based on an April 17, 2013 medical evaluation; and (2) these work restrictions were "medically warranted." *Id.*, Attachment C. OWCP therefore requested that the agency "create a modified work assignment" for the appellant. *See id.* The appellant also declared, under penalty of perjury, that, on July 19, 2013, he sent an email to the agency requesting restoration as a partially-recovered employee. *See* IAF, Tab 3 at 15-16. The record reflects that, on August 29, 2013, the agency informed the appellant that it was "communicating" with OWCP regarding a July 22, 2013 medical evaluation as part of a directed second opinion orthopedic consultation, and the agency stated that it would "utilize the results of this report to determine available positions compatible with the medical restrictions articulated by the orthopedic consultant." IAF, Tab 3, Attachment D.

¶4 In a January 6, 2014 initial decision, the administrative judge dismissed the appeal because the appellant failed to make a nonfrivolous allegation of jurisdiction. *See* IAF, Tab 8, Initial Decision (ID). In pertinent part, the administrative judge found that the appellant "should have know[n]" that he was required both to request restoration and to allow the agency time to act upon that request before filing an appeal. ID at 4. The administrative judge found that the appellant's new allegation of improper restoration raised before the full Board was improper because he should have waited to see what decision the agency might make in response to OWCP's request. ID at 4. The administrative judge noted that, given that the appellant previously failed a fitness-for-duty examination, which required him to resign his position with the agency pursuant to a settlement agreement, it was "perfectly reasonable for the agency to await the findings of the appellant's second opinion [orthopedic] consultation before making a final decision on the appellant's request for restoration." ID at 5.

¶5 The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. On petition for review, the appellant contends that the agency has a history of not restoring him, he was entitled to discovery, the administrative judge improperly did not hold a hearing, his appeal was not premature, and the Board has jurisdiction over the OWCP request that the agency restore him. PFR File, Tab 1.

¶6 In order to establish jurisdiction under 5 C.F.R. § 353.304(c), an appellant must prove by preponderant evidence that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012). If the

appellant makes nonfrivolous allegations to support jurisdiction, then and only then will he be entitled to a jurisdictional hearing at which time he must prove jurisdiction by preponderant evidence. *Bledsoe*, 659 F.3d at 1102.

¶7    The appellant nonfrivolously alleged that he was absent from his position due to a compensable injury and that he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him. The question before us is whether the appellant nonfrivolously alleged that the agency denied his restoration request and whether that denial was arbitrary and capricious.

¶8    The Board has determined that an agency's "extreme and unexplained" delay in satisfying its restoration obligations may constitute a denial of restoration. *Chen v. U.S. Postal Service*, 114 M.S.P.R. 292, ¶ 11 (2010), *overruled on other grounds by Latham*, 117 M.S.P.R. 400, ¶ 10. In the context of addressing restoration appeals challenging the U.S. Postal Service's implementation of the National Reassessment Process, the Board has held that a 3-month delay between when the employee is placed off work and completion of the district-wide search for work was not "very lengthy," but a 7- or 8-month delay was sufficiently extreme and unexplained as to be considered arbitrary and capricious. *Compare Chen*, 114 M.S.P.R. 292, ¶ 11 (3-month delay), *with Tram v. U.S. Postal Service*, 118 M.S.P.R. 388, ¶ 10 n.2 (2012) (8-month delay); *see Coles v. U.S. Postal Service*, 118 M.S.P.R. 249, ¶ 9 (2012) (affirming the administrative judge's decision that a 7-month delay in conducting a search constituted a "significant" delay).

¶9    Regardless of whether we use OWCP's June 19, 2013 letter, or the appellant's July 19, 2013 email, as the date of the restoration request,[2] the

---

[2] We do not consider OWCP's April 18, 2013 correspondence *to the appellant* as the date of the restoration request because, among other things, OWCP's letter does not include any discussion of the appellant's medical restrictions. *See* IAF, Tab 3, Attachment B.

appellant has nonfrivolously alleged that the agency's several-months-long delay is extreme and unexplained. Thus, he has made a nonfrivolous allegation that the denial of restoration was arbitrary and capricious. The record reflects that, 4-5 months after the restoration request, the agency filed a submission in which it stated that it had not denied the request and it was "in the process of determining the availability of positions" that were compatible with the appellant's medical restrictions. IAF, Tab 7 at 8 n.5. The initial decision was issued approximately 5-6 months after the restoration request was made, and the parties' petition for review submissions do not indicate that the agency has responded to the appellant's restoration request or if there was any activity in this regard.

¶10      We recognize that the agency may be justified in some delay, particularly in light of the negative determination from the appellant's prior fitness-for-duty examination, the appellant's subsequent resignation pursuant to a settlement agreement, and the agency's apparent need for additional information regarding the nature of the appellant's restrictions. *See* IAF, Tab 5, Subtabs 4a (the settlement agreement resolving *Knight v. Department of Justice*, MSPB Docket No. AT-0353-11-0958-I-1), 4b (the results of the fitness-for-duty examination), 4c (the appellant's voluntary resignation paperwork); *see also Hardy v. U.S. Postal Service*, 104 M.S.P.R. 387, ¶¶ 20-21 (concluding that, because the agency "was faced with conflicting assessments of the appellant's abilities, and there is no indication that OWCP has made a final determination regarding the appellant's restrictions," the agency's decision to await OWCP's final determination did not constitute an arbitrary and capricious denial of restoration), *aff'd*, 250 F. App'x 332 (Fed. Cir. 2007). However, we do not agree with the administrative judge that, 5-6 months after the restoration request was made, the appellant still should have to "wait to see what decision the agency might make in response to OWCP's letter." *See* ID at 4.

¶11      Therefore, given the limited evidence in the record, coupled with the appellant's burden to only make a nonfrivolous allegation of Board jurisdiction at

this stage, we conclude that he has made a nonfrivolous allegation that the agency's delay was sufficiently extreme and unexplained as to constitute an arbitrary and capricious denial of restoration. Accordingly, we remand the appeal for a jurisdictional hearing.[3]

## ORDER

¶12    For the reasons discussed above, we REMAND this case to the regional office for a jurisdictional hearing in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

---

[3] To the extent that the appellant alleged below that he requested restoration as a fully-recovered employee, *see* IAF, Tab 3 at 14-15 (referencing a May 17, 2013 email), such a claim is not before the Board in this matter.