**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

HENRY GETER, III,
          Appellant,

      v.

GOVERNMENT PRINTING OFFICE,
          Agency.

DOCKET NUMBER
DC-0752-14-0667-I-1

DATE: July 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Henry Geter, III, Temple Hills, Maryland, pro se.

Frederick B. Hay, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order regarding the disability discrimination claim, we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective April 10, 2014, the agency removed the appellant from his position as a Motor Vehicle Operator for failure to possess a valid commercial driver's license (CDL) and failure to perform the essential functions of his position. Initial Appeal File (IAF), Tab 4 at 21-24. The appellant filed an appeal challenging his removal and asserted affirmative defenses of disability discrimination and reprisal for his prior equal employment opportunity (EEO) activity. IAF, Tab 1. Specifically, he contended that the agency removed him in reprisal for filing an EEO complaint and a Board appeal challenging his prior removal and also asserted that the agency denied him a reasonable accommodation in the form of a reassignment to a light-duty position and subjected him to disparate treatment based on his disability. *Id.* at 21; IAF, Tab 13 at 4-7.

¶3      After holding the appellant's requested hearing, the administrative judge issued a decision affirming the appellant's removal. IAF, Tab 16, Initial Decision (ID). The administrative judge sustained the agency's charge and found that removal was reasonable and promoted the efficiency of the service because the

appellant's failure to maintain a CDL directly impacted his ability to perform his job duties. ID at 6, 18-22. The administrative judge also found that the appellant failed to prove his affirmative defenses that the agency denied him a reasonable accommodation, treated him differently based on his disability, and retaliated against him for his prior EEO activity. ID at 7-18. As to the appellant's disability discrimination claims, the administrative judge found that the appellant failed to show that his removal was due to his disability and failed to identify a similarly situated comparator who was treated more favorably than him. ID at 13-15. In rejecting the appellant's affirmative defense of retaliation for protected EEO activity, the administrative judge found that the proposing and deciding officials were not aware of the appellant's prior EEO complaint or Board appeal.[2] ID at 17-18.

¶4 On review, the appellant challenges the administrative judge's finding that he failed to prove his disability discrimination claim based on a failure to accommodate. Petition for Review (PFR) File, Tab 3. He alleges that the administrative judge improperly determined that he failed to request a reasonable accommodation and that the agency ignored medical documentation he submitted from his doctor requesting that he be placed on light duty with a lifting restriction of thirty pounds or less and instead, improperly returned him to full duty and required him to lift up to fifty pounds. *Id.* The appellant also argues for the first time on review that the removal penalty was too severe because, under its directives, the agency was required to consider a lesser penalty such as a

---

[2] The appellant does not challenge this finding on review and we discern no error in the administrative judge's finding that the appellant failed to prove his affirmative defense of reprisal.

permanent reassignment.[3]  *Id.* at 2.  The agency has filed a response in opposition to the appellant's petition.[4]  PFR File, Tab 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly sustained the charge.</u>

¶5     When taking an adverse action against an employee, an agency must establish that:  (1) the charged conduct occurred; (2) a nexus exists between the conduct and the efficiency of the service; and (3) the particular penalty imposed is reasonable.  *Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 16 (2005) (citing 5 U.S.C. §§ 7701(c)(1)(B), 7513(a)).  To prove a charge of failure to fulfill a condition of employment, an agency must establish that: (1) the requirement at issue is a condition of employment; and (2) the appellant failed to meet that condition.  *See Thompson v. Department of the Air Force*, 104 M.S.P.R. 529, ¶¶ 9-10 (2007).

¶6     In sustaining the agency's charge, the administrative judge found that the appellant's position required him to maintain a CDL based on the agency's regulations and the appellant's own testimony and also that it was undisputed that the appellant failed to possess a CDL when he was removed from service.  ID

---

[3] The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has not attempted to show that this new argument is based on new or material evidence not previously available.  Accordingly, the appellant's new argument will not be considered for the first time on review.  In any event, GPO Directive 670.11B9b(4), which the appellant cites, pertains to the loss of an operator's identification card, not the loss of a CDL, and does not require reassignment in lieu of removal.  *See* IAF, Tab 4 at 113.

[4] The agency's response to the appellant's petition was initially due on March 2, 2015. *See* PFR File, Tab 4 at 1.  By order dated February 13, 2015, the Board granted the appellant until March 6, 2015, to file a supplement in support of his petition and provided the agency an opportunity to file a response within 25 days after the date of service of the appellant's supplement.  PFR File, Tab 6.  Although the appellant did not file a supplement to his petition, the agency filed a response to the appellant's petition within 25 days of the appellant's March 6, 2015 deadline.  PFR File, Tab 9. Accordingly, we deem the agency's response to be timely filed.

at 4-6; *see* IAF, Tab 4 at 110, 116-18. The appellant does not dispute these findings on review, and we discern no reason to disturb the administrative judge's finding that the agency proved its charge by preponderant evidence.

The appellant failed to prove his disability discrimination affirmative defense.

¶7    An appellant may establish a disability discrimination claim based on disparate treatment by showing that: (1) he is a member of a protected group; (2) he was situated similarly to an individual who was not a member of the protected group; and (3) he was treated more harshly than the individual who was not a member of his protected group. *Hardy v. U.S. Postal Service*, 104 M.S.P.R. 387, ¶ 33, *aff'd*, 250 F. App'x 332 (Fed. Cir. 2007). For other employees to be deemed similarly situated, the Board has held that all relevant aspects of the appellant's employment situation must be "nearly identical" to those of the comparative employees. *Id.* To state a disability discrimination claim based upon a failure to accommodate, the appellant must prove that: (1) he is a disabled person; (2) the action appealed was based on his disability; and (3) to the extent possible, he must articulate a reasonable accommodation under which he believes he could perform the essential duties of his position or of a vacant funded position to which he could be reassigned. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 16 (2010); *see Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 6 (2009).

¶8    To maintain either a failure to accommodate claim or a disability-based disparate treatment claim, an appellant must show that he was a qualified individual with a disability at the time of the alleged unlawful discriminatory conduct. *See Wilson v. Department of the Air Force*, EEOC Appeal No. 01A14669, 2003 WL 660615, at *3 (E.E.O.C. Feb. 21, 2003); *see also Combs v. Social Security Administration*, 91 M.S.P.R. 148, ¶ 23 (2002). A qualified individual with a disability is an individual with a disability "who satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires, and who, with or without

reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m); *see Henson*, 110 M.S.P.R. 624, ¶ 7.

¶9        As stated, it is undisputed that a valid CDL was required for the performance of the appellant's job duties as a Motor Vehicle Operator.  *See* ID at 6.  Thus, by losing his CDL, the appellant failed to maintain a requirement of his position that was necessary to perform his essential duties.  Because he was no longer technically qualified for his position, we find that, at the time of the agency's removal action, the appellant was not a qualified individual with a disability.  *See, e.g.*, *Malbouf v. Department of the Army*, 43 M.S.P.R. 588, 591-92 (1990) (the agency was not obligated to accommodate the appellant because he was not a qualified individual with a disability due to his failure to maintain a driver's license, a condition of employment necessary to perform his job duties).  Accordingly, we modify the initial decision to find that the appellant was not a qualified individual with a disability who could assert either a denial of reasonable accommodation claim or a disability-based disparate treatment claim.

¶10       Even assuming arguendo that the appellant was a qualified individual with a disability, the record contains no evidence that that the appellant's removal was based on his disability or that the agency treated similarly situated  nondisabled employees differently.  The administrative judge found that the appellant failed to identify another Motor Vehicle Operator who was not removed for failure to possess a required CDL and that the comparators identified by the appellant were not similarly situated because, among other things, they had both maintained a valid CDL.  ID at 15.  The administrative judge further found that there was no connection between the appellant's disability and his removal because his failure to maintain a valid CDL was due to unresolved tickets and fines, not his medical condition and, in any event, the denial of a CDL was not a decision over which the agency had any control.  ID at 13-14.  The appellant does not dispute these findings on review and we discern no reason to disturb the administrative judge's well-reasoned findings.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106

(1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶11       On review, the appellant asserts that the administrative judge erred in finding that he did not request a reasonable accommodation and asserts that, despite his requests, the agency failed to accommodate him by reassigning him to a light-duty position upon his return to work in November 2013, based on an independent medical evaluation, which indicated that he had a 30-pound lifting restriction as of September 2012.  PFR File, Tab 3.  The record, however, supports the administrative judge's finding that the appellant did not prove that he was denied a reasonable accommodation because he failed to respond to the agency's request that he specify any accommodation he was seeking and provide supporting medical documentation.  ID at 14; *See Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶¶ 17-18 (2010) (finding that the appellant did not prove that he was denied a reasonable accommodation in part because he was not responsive to the agency's requests for medical information).  Via letter dated December 16, 2013, the agency acknowledged that the appellant may have been requesting a reasonable accommodation when he verbally requested a transfer during a return to work meeting on November 25, 2013.  IAF, Tab 4 at 65.  In its letter, the agency outlined the procedures for requesting a reasonable accommodation and asked that the appellant identify any specific accommodation he was requesting as well as submit medical documentation in support of his request by December 27, 2013.[5]  IAF, Tab 4 at 65-75.  The appellant did not respond to the letter or submit any medical documentation.  ID at 14.

---

[5] Although the appellant testified that he had not seen a copy of the letter, the record contains a United Parcel Service computerized tracking report showing that the letter was delivered to his address on December 17, 2013.  IAF, Tab 12 at 114-15; Hearing Compact Diskette (testimony of the appellant).

¶12 Moreover, even if the appellant established that he requested an accommodation under which he could successfully perform the essential duties of his position, it would not change the outcome of this appeal because he has not shown that his removal for failure to maintain a CDL was based upon his disability. *See Sublette v. Department of the Army*, 68 M.S.P.R. 82, 88-89 (1995) (the appellant did not establish that the misconduct for which he was removed was due to his purported disability and thus he was not entitled to a reasonable accommodation). Accordingly, we agree with the administrative judge that the appellant failed to meet his burden of establishing his affirmative defense of disability discrimination.

The administrative judge properly found that the penalty of removal is reasonable.

¶13 Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *See Davis v. U.S. Postal* Service, 120 M.S.P.R. 457, ¶ 6 (2013). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id.* Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.* However, if the deciding official failed to appropriately consider the relevant factors, the Board need not defer to the agency's penalty determination. *Id.*

¶14     The record reflects that the deciding official considered the appellant's past work record and over 11 years of federal service as mitigating factors but found that they were outweighed by the seriousness of the offense because the appellant could not perform his job duties without a CDL.  ID at 20; IAF, Tab 4 at 22-25, 27-31.  The administrative judge found that the penalty of removal was reasonable and promoted the efficiency of the service because the appellant's failure to possess a CDL, a requirement of his position, had a direct impact upon his ability to perform his job duties.  ID at 21.  The Board has found removal to be an appropriate remedy for an appellant's failure to meet the requirements of his position.  *See Benally v. Department of the Interior*, 71 M.S.P.R. 537, 539-40, 542 (1996).  Accordingly, we agree with the administrative judge that removal was within the tolerable limits of reasonableness and promotes the efficiency of the service.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C. F. R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.