# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THADDEUS A. KNIGHT,
      Appellant,

    v.

DEPARTMENT OF JUSTICE,
      Agency.

DOCKET NUMBERS
AT-0353-14-0002-B-1
AT-0353-14-0897-I-1

DATE: February 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leslie Deak</u>, Esquire, Washington, D.C., for the appellant.

<u>Jeannette Wise</u>, Esquire, and <u>Marisa C. Ridi</u>, Esquire, Washington, D.C.,
    for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed both of his restoration appeals that are now before the Board for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   Both of these appeals pertain to the agency's alleged denial of the appellant's restoration to duty following his partial recovery from a compensable injury.[2] In a June 2, 2014 appeal, the appellant alleged that the agency arbitrarily and capriciously denied him restoration following his partial recovery from the injury. *Knight v. Department of Justice*, MSPB Docket No. AT-0353-14-0897-I-1, Initial Appeal File (IAF), Tab 1. Concurrently, the appellant had before the Board another restoration appeal, which the Board remanded to the Atlanta Regional Office for a jurisdictional hearing. *Knight v. Department of Justice*, MSPB Docket No. AT-0353-14-0002-B-1, Remand File (RF), Tab 1 at 6. The appeals were joined for the purpose of adjudication. IAF, Tab 7 at 1-2.

---

[2] The Board has recently considered another appeal from this appellant in which he alleged that the agency failed to restore him after recovery from a compensable injury. *Knight v. Department of Justice*, MSPB Docket No. AT-0353-15-0107-I-1, Final Order (Sept. 21, 2015). The Office of Workers' Compensation Programs vacated its decision finding that the appellant was fully recovered on December 17, 2014. *Id.* at 2.

¶3      The appellant was a Special Agent with the Federal Bureau of Investigation (FBI).  He was injured while on duty on April 27, 2001.  He was later removed effective May 21, 2004, for having been in a continuous nonwork status since November 12, 2002.  Petition for Review (PFR) File, Tab 8 at 6 n.2.  After he requested restoration as a partially recovered employee, he was eventually offered the position of Operational Management Specialist, GS-0301-13, in the agency's Miami Division.  RF, Tab 11 at 30-31, 96.

¶4      Prior to the agency's restoration offer, the appellant underwent two separate medical evaluations.  *Id.* at 77-88.  The second of these evaluations, the results of which the agency received on August 26, 2013, showed his medical condition had improved and that he was partially recovered.  *Id.* at 78.  By September 6, 2013, the agency had identified several available positions in the Miami Division.  *Id.* at 69.  Based on the appellant's qualifications, the agency determined that he might be considered for two of those positions:  Operational Support Technician, GS-8, and Intelligence Analyst, GS-14.  *Id.* at 66-67.

¶5      Although the Intelligence Analyst position appeared to be the best placement opportunity, the selection process for that position included testing.  *Id.* at 63-64, 67.  No testing was being offered at that time due to budgetary constraints.  *Id.*; RF, Tab 28 at 5-6.  The agency thus considered creating an Assistant Chief Security Officer position at the GS-13, step 10, level.  RF, Tab 11 at 60.  The agency proposed a modified position description that would meet the appellant's medical restrictions and then sought approval for the position from FBI Headquarters.  *Id.* at 57, 60.  The October 2013 government shutdown delayed that process.  RF, Tab 38, Hearing Compact Disc (HCD) (testimony of M.H.).  Ultimately, the Security Division at Headquarters declined the request to create a modified position.  *Id.*  The agency's Human Resource Division, however, recommended that the appellant be offered a position as an Operational Management Specialist, GS-13, step 10.  RF, Tab 11 at 48-51, 53-55.  The agency offered the appellant this position on December 5, 2013.  *Id.* at 45-47.

In response, he asked the Office of Workers' Compensation Programs (OWCP) to determine whether the position was suitable in light of his restrictions. *Id.* at 38-39. The position was modified to meet his medical restrictions and re-offered to him on January 28, 2014. *Id.* at 30-36. Rather than accept the position, the appellant asked to be considered for a position as an Equal Employment Opportunity (EEO) Investigator, which was currently open in the Miami Division, as a reasonable accommodation under the Rehabilitation Act. *Id.* at 28. Because that position is normally a detail assignment given to a Special Agent, and the appellant's medical restrictions meant that he did not meet the physical requirements for the Special Agent position, the agency declined to place him as an EEO Investigator and again offered him the Operational Management Specialist position. *Id.* at 27-28.

¶6    The appellant advanced a different theory of his restoration claim in each of the two appeals. In Docket No. AT-0353-14-0002-B-1, he argued that the agency's denial of restoration was arbitrary and capricious based upon the delay between OWCP's finding that he was partially recovered and the agency's limited-duty job offer. RF, Tab 1 at 5-6. In Docket No. AT-0353-14-0897-I-1, he contended that the agency's offer of the modified Operational Management Specialist position was an arbitrary and capricious denial of restoration and that the agency instead should have offered him the EEO Investigator position. IAF, Tab 1 at 15-17. After a hearing, the administrative judge dismissed the appeals for lack of jurisdiction. RF, Tab 36, Initial Decision (ID) at 2, 10.

## ANALYSIS

¶7    On review, the appellant advances two main arguments. First, he asserts that the agency acted arbitrarily and capriciously when it offered him the Operational Management Specialist position. PFR File, Tab 5 at 10-16. He argues that the administrative judge ignored the undisputed evidence that he was unqualified for the position, which he maintains "require[s] specialized

knowledge and skills related to . . . management and organizational theory and practice." *Id.* at 11. He argues that he lacks the necessary skills in human resources, budgeting, and financial management for the position, and instead, he offers only law enforcement experience and a law degree. *Id.* at 12-13. He argues that the agency created the position to set him up for failure and intended to remove him from service shortly after his restoration. *Id.* at 12. He also asserts that the agency would have discovered that he was unqualified for the position had it engaged in the interactive process for reasonable accommodation under the Rehabilitation Act. *Id.* at 14-15.

¶8    In his second argument, the appellant asserts that the administrative judge erred when he found that the agency did not breach its obligation to restore him when it declined to offer him the Assistant Chief Security Officer position. *Id.* at 16-24. He argues that the administrative judge erred in finding that the agency lacked any obligation to create a modified position over the Security Division's objections when the Operational Management Specialist position also was available. *Id.* at 16 (citing ID at 6-7 n.3). Because the Operational Management Specialist position is not an appropriate reasonable accommodation under the Rehabilitation Act, he argues, the agency was required to offer him the Assistant Chief Security Officer position unless it could demonstrate that doing so would impose an undue hardship. *Id.* at 17. He argues that the administrative judge improperly shifted to him the agency's burden to prove that it would have imposed an undue hardship to offer him that position. *Id.* at 18-19. Further, the appellant argues that neither the OWCP nor the Office of Personnel Management requires an agency to modify a position description before a partially recovered employee is restored to duty. *Id.* at 20-21. He asserts that the Assistant Chief Security Officer position could have been modified, and based on their testimony, the management of the Miami Division wanted to offer him the position. *Id.* at 21-22. That the agency denied him the position, he asserts, was "the essence of capriciousness." *Id.* at 22. He further

asserts that the delay between the Miami Division's approval of the modified Assistant Chief Security Officer position and its offer of the modified Operational Management Specialist position was so lengthy as to be arbitrary and capricious. *Id.* at 23-24.

¶9     The appellant is seeking to reframe the issue in Docket No. AT-0353-14-0897-I-1 by arguing that the agency should have offered him the Assistant Chief Security Officer position rather than the Operational Management Specialist position. Docket No. AT-0353-14-0897-I-1 pertains to the agency's alleged failure to place him in an EEO Investigator position that was open while he was seeking restoration. IAF, Tab 1 at 15-17; ID at 3. The administrative judge eliminated the other issues in the appeal as a sanction after the appellant failed to comply with an order "to make [his] appeal more definite and certain," that is, to clarify the issues. IAF, Tab 4 at 2-5, Tab 7 at 2, Tab 8 at 2. The appellant has raised a new issue on review by attempting to shift focus from the agency's alleged failure to offer him the EEO Investigator position to the alleged failure to offer him the Assistant Chief Security Officer position. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Such an argument also would fail for the same reason the administrative judge cited below; namely, a partially recovered employee may appeal only from an agency's *denial* of restoration and only on grounds that such a denial was arbitrary and capricious. *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012); ID at 9.

¶10     As for the appellant's allegation that the agency's delay in placing him was arbitrary and capricious, which the administrative judge addressed in Docket No. AT-0353-14-0002-B-1, we find it reasonable that the agency sought a second medical determination. RF, Tab 12 at 77-88; HCD (testimony of M.H.); *Hardy v. U.S. Postal Service*, 104 M.S.P.R. 387, ¶¶ 20-21 (finding that the agency's

decision to await a final determination from OWCP was not arbitrary and capricious where the agency was faced with conflicting assessments of the appellant's abilities, and there was no indication that OWCP had made a final determination regarding his restrictions), *aff'd*, 250 F. App'x 332 (Fed. Cir. 2007). The agency received the second determination, wherein the appellant was found to be partially recovered, on August 26, 2013. RF, Tab 11 at 76, 88. That date is the proper starting point from which to consider whether the agency's search for a restoration position took a reasonable amount of time. The record shows that the agency continuously sought to find positions within the appellant's medical restrictions between August 26, 2013, and December 5, 2013, the date upon which the agency first offered him the Operational Management Specialist position. *Id.* at 45-47, 53-55, 57-58, 60, 62-64, 66-72, 74.

¶11    The appellant's assertion that he is unqualified for the Operational Management Specialist position is a post hoc rationalization for not accepting the restoration position that he was offered. The record does not show that he ever raised these concerns with the agency or even developed this argument before the administrative judge. Conversely, he *did* raise concerns with the OWCP regarding the proffered position's suitability in light of his medical restrictions. RF, Tab 11 at 38-39. The agency addressed these concerns by modifying the position description. *Id.* at 30-36. Rather than accept the modified position, the appellant instead sought to be placed as an EEO Investigator, a position for which he was not physically qualified. *Id.* at 25-28. Although he now argues that the Operational Management Specialist position requires specialized knowledge and experience that he lacks, PFR File, Tab 5 at 10-14, the agency reasonably believed that he could be assigned duties for which he was well qualified. The appellant is a former New York City police officer and FBI Special Agent, and he graduated from law school. HCD (testimony of M.H.). As the agency's Classification Specialist explained, the position description includes "a range of complex functions related to the administrative, investigative, and security

responsibilities of the office" and "describes a wide range of duties and will allow management a great deal of flexibility when making work assignments." RF, Tab 11 at 55; *see id.* at 33-36.

¶12 Finally, the appellant argues that the agency failed to treat him substantially the same as it would have treated a disabled employee under the Rehabilitation Act. *See* 5 C.F.R. § 353.301(d). He argues that the agency failed to engage in the interactive process required by the Rehabilitation Act when offering the Operational Management Specialist position. PFR File, Tab 5 at 10-12; *see* 29 C.F.R. § 1630.2(o)(3). We find that the agency's efforts to assist the appellant to find a job within his medical limitations was neither arbitrary nor capricious. Instead, the evidence shows that the agency acted in good faith during the interactive reasonable accommodation process. *See generally Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶¶ 19-23 (2014) (finding that an employee failed to establish that the agency did not reasonably accommodate her disability where the agency offered her two suitable positions); *Okleson v. U.S. Postal Service*, 90 M.S.P.R. 415, ¶ 13 (2001) (finding that a detail did not constitute a funded vacant position within the meaning of Equal Employment Opportunity Commission regulations).

¶13 He likewise asserts that the administrative judge failed to require the agency to show that placing him in the Assistant Chief Security Officer position, with or without modifications, would impose an undue hardship. PFR File, Tab 5 at 17-21; *see* 29 C.F.R. § 1630.9(a). The appellant filed a discrimination complaint on August 26, 2013, which appears to be ongoing, and some of the issues in that complaint overlap with the matters addressed in these appeals. RF, Tab 11 at 14, 16-17, 19-20. However, this is not a mixed-case appeal, and as such, the Board lacks jurisdiction over any claim of disability discrimination in the absence of an otherwise appealable action. *Latham*, 117 M.S.P.R. 400, ¶ 58. Although an appellant's disability discrimination claim may bear on the issue of arbitrariness and capriciousness, *Latham*, 117 M.S.P.R. 400, ¶ 58 & n.27, the

administrative judge did not need to reach that issue, ID at 6-7 n.3. Agencies may accommodate an employee's disability through means such as modifying or adjusting the duties of the position at issue, *or* by reassigning the employee to a vacant position whose duties the employee can perform. *Smith v. U.S. Postal Service*, 113 M.S.P.R. 1, ¶ 6 (2009). Here, the agency offered the appellant a modified Operational Management Specialist position, which satisfied its obligations under 5 C.F.R. § 353.301(d). Indeed, after the appellant voiced his concerns as to whether the position was suitable in light of his medical restrictions, RF, Tab 11 at 38-39, the agency further modified the position, *id.* at 30-36. The agency had no obligation to modify the Assistant Chief Security Officer position that the appellant wanted over its Security Division's objections when another viable option was available. Accordingly, the appellant's arguments are unavailing, and we affirm the initial decision that dismissed his appeals for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.