NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARSHANN TERWILLIGER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3203

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-15-0037-I-1.

---

Decided: February 4, 2016

---

MARSHANN TERWILLIGER, Moncks Corner, SC, pro se.

KATRINA LEDERER, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant Marshann Terwilliger ("Terwilliger") appeals the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. *Terwilliger v. Dep't of the Army*, No. AT-3443-15-0037-I-1, 2015 MSPB LEXIS 5904, *6 (M.S.P.B. July 6, 2015). For the reasons below, we *affirm*.

BACKGROUND

Terwilliger resigned from her position at the Department of the Army ("Agency") on June 20, 1991, after almost thirteen years of service. Following her resignation, she obtained a refund of her retirement deductions from the Office of Personnel Management ("OPM"). The Agency rehired Terwilliger on October 4, 2004. Terwilliger filed an application to redeposit the retirement deductions previously refunded to her and began repaying those contributions. In 2006, she received Benefit Estimates from the Agency erroneously indicating that she had been given credit for the period of service covered by her retirement deductions. She was then advised by OPM and the Agency that it was in her best interest to take an actuarial reduction of her unpaid retirement deductions when she retired, rather than continue to repay the deductions with interest. Terwilliger heeded the advice and stopped making payments.

Terwilliger was later informed that the earlier advice she received was erroneous and that she would not actually receive credit for the period of service covered by her refunded retirement deductions unless she repaid those deductions with interest prior to retirement. What followed is a series of claims and appeals by Terwilliger regarding her repayment of the refunded retirement deductions.

Terwilliger requested that OPM waive the interest on her repayment, arguing that a substantial portion of that

interest had accrued as a result of the incorrect advice she had received. OPM denied that request on June 27, 2012. On September 11, 2012, OPM issued another decision confirming that Terwilliger would have to redeposit her contributions before retiring to receive credit in her annuity for the period of service covered by the refunded decisions. After OPM issued a final decision denying Terwilliger's request for reconsideration of its June 27, 2012 decision, Terwilliger appealed to the Board. On June 6, 2013, the Board affirmed OPM's reconsideration decision. The Board noted, however, that Terwilliger also sought permission to repay the redeposit and interest via the actuarial reduction she earlier had been advised to employ and remanded her claim to OPM directing it to consider that issue. On September 23, 2013, OPM issued a new reconsideration decision once more denying the appellant's request to pay the balance of her redeposit and interest by actuarial reduction.

Terwilliger then filed a petition for review of the Board's June 6, 2013 decision. In an August 20, 2014 decision, the Board denied the petition, finding no error by the administrative judge. The Board found that the payment of interest on a redeposit of retirement deductions is a statutory requirement under 5 U.S.C. § 8334(d)(1). The Board also determined that, due to the Appropriations Clause of the Constitution, it could not waive the requirement based on the fact that she had received faulty advice or on other equitable considerations. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990) (holding that the government cannot be forced to pay monetary benefits to an applicant who is statutorily ineligible for the benefits, even if the applicant became ineligible due to reliance on the misadvice of a federal employee).

The Board also forwarded the petition for review to the Atlanta Regional Office for docketing as an appeal of OPM's September 23, 2013 reconsideration decision. On

February 10, 2015, the Atlanta Regional Office affirmed OPM's decision, citing 5 U.S.C. § 8334(d)(1).

Finally, Terwilliger filed an appeal with the Atlanta Regional Office seeking to require *the Agency* to pay the redeposit of retirement contributions and interest to the OPM on her behalf. *Terwilliger*, 2015 MSPB LEXIS 5904, at *1. After providing the parties with notice of a question as to the Board's jurisdiction and providing them an opportunity to submit argument and evidence, the Regional Office of the Board dismissed the appeal for lack of jurisdiction. The Board noted that the Agency did not dispute the underlying facts and admits that its misadvice created this problem. Nevertheless, the Board found no law, rule, or regulation permitting Terwilliger to bring the appeal against the Agency. This appeal arises from that decision.

## DISCUSSION

The court must affirm the decision of the Board unless it is: (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed. Cir. 1995). We review whether the Board has jurisdiction *de novo* as a question of law, but review underlying factual findings for substantial evidence. *Johnston v. Merit Sys. Prot. Bd.,* 518 F.3d 905, 909 (Fed. Cir. 2008); *Bolton v. Merit Sys. Prot. Bd.,* 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Board's jurisdiction is not plenary, but rather is limited to matters over which it has been granted jurisdiction by law, rule, or regulation. *Van Wersch v. Dep't of Health and Human Serv.*, 197 F.3d 1144, 1147 (Fed. Cir. 1999); *Maddox v. Merit Sys. Prot. Bd.,* 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of establishing the Board's jurisdiction by a preponderance

of the evidence.  5 C.F.R. § 1201.56(b)(2)(i) (2015); *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006).

On appeal, Terwilliger has not alleged a single error, legal or factual, in the Board's decision rejecting her request for the Agency to redeposit her missing retirement contributions to OPM on her behalf.  In fact, her informal brief concedes that the Board has not incorrectly decided or failed to take into account any facts, applied incorrect law, or failed to consider important grounds for relief.  Rather, Terwilliger simply implores us to "make a decision on [her] hardship."

We are sympathetic to appellant's plight.  She relied on advice from her employing agency and OPM to her detriment.  Nevertheless, we are not aware of any legal authority that permits Terwilliger to bring the appeal of her claim against the Agency to the Board.  The Board has jurisdiction over appeals of adverse actions, which include removals or terminations of employment after completion of probationary or other initial service periods, involuntary resignations or retirements, reductions in grade or pay, suspensions for more than 14 days, or furloughs for 30 days or less for cause that will promote the efficiency of the service.  5 U.S.C. §§ 7511-7514; 5 C.F.R. 1201.3(a)(1).  The Board also has jurisdiction to review OPM's final reconsideration decisions of retirement and annuity claims.  *See* 5 U.S.C. § 8461(e)(1).  Terwilliger does not allege that her most recent appeal falls within any of these categories.  Notably, the decision on appeal is not the August 20, 2014 decision on waiver of interest or the February 10, 2015 decision on the actuarial reduction issue, but rather is the July 6, 2015 decision on Terwilliger's request that the Agency pay OPM on Terwilliger's behalf.  We further note that, at this point, Terwilliger has had her requests as to the underlying redeposit requirement heard no less than six times.  Despite her understandable frustration, Terwilliger has

not met her burden to establish that the Board erred in dismissing her appeal.  We, therefore, affirm.

**AFFIRMED**