**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


MARSHANN TERWILLIGER,                    DOCKET NUMBER
            Appellant,                   AT-3443-16-0622-I-1

            v.

DEPARTMENT OF THE ARMY,                  DATE: May 31, 2023
            Agency.


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marshann Terwilliger, Moncks Corner, South Carolina, pro se.

Riva A. Parker, Esquire, Washington, D.C., for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as barred by the doctrine of collateral estoppel. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Upon her June 1991 resignation from the agency, the appellant requested and received a refund of her retirement contributions. *Terwilliger v. Merit Systems Protection Board*, 638 F. App'x 1010 (Fed. Cir. 2016); Initial Appeal File (IAF), Tab 4 at 17-22. She resumed employment with the agency in October 2004 and, after submitting an application to redeposit the refunded retirement deductions, she began to repay them. *Terwilliger*, 638 F. App'x at 1010. In 2006, she received benefit estimates erroneously indicating that she had received credit for the service covered by those deductions. *Id.* The Office of Personnel Management (OPM) and the agency then mistakenly advised her that she would be better served by taking an actuarial reduction when she retired instead of continuing to repay the deductions and accrued interest and, based on that advice, she ceased making the redeposit payments. *Id.* at 1010-11. The appellant later learned that she would not receive credit for the period covered by her refunded retirement contributions unless she repaid them with interest before she retired. *Id.* at 1011. She then filed several appeals regarding the repayment of her retirement contributions, including a 2014 Board appeal against the

agency, MSPB Docket No. AT-3443-15-0037-I-1, which the administrative judge dismissed for lack of jurisdiction and the U.S. Court of Appeals for the Federal Circuit affirmed. *Id.* at 1010-12. In the present appeal, the appellant similarly challenges the repayment of her retirement contributions and seeks to hold the agency responsible for its error in advising her to cease making redeposit payments and instead take an actuarial deduction at retirement. IAF, Tab 1 at 4-5. She did not request a hearing. *Id.* at 2.

¶3 The agency filed a motion to dismiss the appeal as barred by the doctrine of collateral estoppel. IAF, Tab 4. The appellant filed a response to the agency's motion and the administrative judge issued a jurisdictional order advising the parties that the appeal may be barred by the doctrine of collateral estoppel and ordering the appellant to file a response on the applicability of the doctrine here. IAF, Tabs 5-6. In response to the administrative judge's order, the appellant requested that her claim be heard as a constructive adverse action. IAF, Tab 7. The administrative judge subsequently gave the appellant notice of the elements and burdens of establishing jurisdiction over a constructive adverse action. IAF, Tab 8. In her response, the appellant conceded that the hardship placed on her by the agency's actions does not meet the definition of a constructive adverse action, with the possible exception of a reduction in pay. IAF, Tab 9 at 4.

¶4 The administrative judge dismissed the appeal as barred by the doctrine of collateral estoppel, finding that the jurisdictional issue in this appeal was actually litigated in the appellant's previous appeal, that the determination on the jurisdictional issue was necessary to the resulting judgment, and that the appellant had a full and fair opportunity to litigate the issue in the prior action. IAF, Tab 10, Initial Decision (ID) at 5-6. The administrative judge also determined that the appellant failed to establish jurisdiction over her appeal as a constructive adverse action, finding no evidence that her pay had been reduced. *Id.*

¶5      In her petition for review, the appellant does not contest the administrative judge's findings that her appeal is barred by the doctrine of collateral estoppel and is not a constructive reduction in her pay. Petition for Review (PFR) File, Tab 1. She instead requests that the Board reopen her appeal to hold the agency accountable for its error. *Id.* The agency did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      Collateral estoppel, or issue preclusion, is appropriate when: (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Hardy v. U.S. Postal Service*, 104 M.S.P.R. 387, ¶ 13, *aff'd*, 250 F. App'x 332 (Fed. Cir. 2007). Collateral estoppel may bar a party from relitigating an issue in a second action even when, as here, the prior appeal was dismissed for lack of jurisdiction. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 8 (2003).

¶7      Because, as set forth below, we find that all of the required elements for application of the doctrine of collateral estoppel are present in this appeal, we agree with the administrative judge's determination that the doctrine of collateral estoppel bars the appellant from relitigating the jurisdictional issue. First, as the administrative judge correctly found, the issue in this appeal, i.e., jurisdiction over the appellant's claim that the agency's administrative error requires it to pay a redeposit of retirement contributions and interest to OPM on her behalf, is identical to the one involved in the previous action. ID at 4-5; *see Terwilliger*, 638 F. App'x at 1012. Second, the jurisdictional issue was actually litigated in the earlier appeal. *Terwilliger*, 638 F. App'x at 1012; *see Fisher v. Department of Defense*, 64 M.S.P.R. 509, 514 (1994) (finding that the actually litigated

criterion requires that the issue be contested by the parties and resolved by an adjudicator). Third, the Board's determination that it lacked jurisdiction in the earlier appeal was its sole justification for dismissing the first appeal, i.e., it was necessary to the final judgment. *Terwilliger*, 638 F.App'x at 1012. Fourth, the appellant, though pro se, had a full and fair opportunity to litigate the jurisdictional issue in the earlier appeal. *See Fisher*, 64 M.S.P.R. at 515 (finding that a party's pro se status does not preclude the application of collateral estoppel when the party had a full and fair opportunity to litigate the issue in question).

¶8 Accordingly, we affirm the administrative judge's finding that the appeal is barred by the doctrine of collateral estoppel and the Board, therefore, is precluded from examining the appellant's arguments concerning the agency's errors related to her retirement contributions.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420, 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.