**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHARLES ANDREW SWANN, III,
         Appellant,

        v.

DEPARTMENT OF
  TRANSPORTATION,
         Agency.

DOCKET NUMBER
AT-0353-18-0589-I-1

DATE: June 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles Andrew Swann, III</u>, Newnan, Georgia, pro se.

<u>Erin Oliver</u>, Esquire, College Park, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which found that the agency arbitrarily and capriciously denied the appellant restoration as a partially recovered employee. Generally, we grant petitions such as these only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the agency has not established any basis under section 1201.115 for granting the petition for review, and we therefore DENY it.  We AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  Given the disposition of this appeal, we find it is unnecessary to rule on the appellant's cross petition for review.

## BACKGROUND

¶2      The appellant was formerly employed as an Air Traffic Control Specialist for the Federal Aviation Administration (FAA) at the Charlotte Air Traffic Control Tower (ATCT) in Charlotte, North Carolina.  Initial Appeal File (IAF), Tab 1 at 1, Tab 14 at 22.  He suffered a work-related injury on May 15, 2013, and the Office of Workers' Compensation Programs (OWCP) accepted his claim for the following conditions:  (1) tinnitus in right ear, (2) sudden hearing loss in right ear, (3) vertigo, and (4) headache.  IAF, Tab 5 at 4-7.

¶3      The appellant entered leave without pay status on May 16, 2013, and he began receiving OWCP benefits on July 18, 2013.  IAF, Tab 14 at 37.  As a result of his injuries, the agency determined that the appellant was medically disqualified from air traffic control duties, *id.* at 33, and on October 31, 2015, he was removed for failure to maintain medical certification, *id.* at 22, 24-25.  In

May 2016, the Office of Personnel Management (OPM) approved the appellant's application for disability retirement. *Id*. at 19-20.

¶4 In a medical report dated June 21, 2017, the appellant's neurologist determined that the appellant had reached maximum medical improvement. *Id*. at 13-17. The report noted that the appellant's condition had improved due to seeing a functional neurologist, that vestibular rehabilitation had resulted in a severe diminishment of the appellant's dizziness, and that his headaches had been minimal and treatable with over-the-counter medications. *Id*. That same day, the appellant's neurologist also filled out an OWCP Work Capacity Evaluation form, indicating that the appellant could not work as an Air Traffic Controller due to mild residual low-grade dizziness and migraines, but could work 8 hours per workday in a sedentary position. IAF, Tab 25 at 5.

¶5 Immediately thereafter, on the evening of June 21, 2017, the appellant emailed the former Air Traffic Manager (ATM) of the Charlotte ATCT and asked him for help in returning to work for the agency. IAF, Tab 19 at 8. The former Charlotte ATM responded the following day, advising the appellant that another individual was now the acting ATM at Charlotte and providing the appellant a link to an agency web page containing an article about workers' compensation. *Id*. at 9. Later that day, the appellant emailed a return-to-work specialist in the agency's OWCP office. *Id*. at 10. In his message, the appellant indicated that he had recovered from his injury sufficiently to return to "full sedentary duty," and that he had "submitted for a few job announcements on USAjobs.gov for Support Type positions." *Id*. According to the appellant, the return-to-work specialist told him she could only help him if he was attempting to return to work prior to being separated or within 1 year of his injury. IAF, Tab 1 at 5.

¶6 The appellant also states that on June 27, 2017, he contacted the acting Charlotte ATM, who returned his call on June 29, 2017. IAF, Tab 19 at 4-5. According to the appellant, the acting Charlotte ATM explained to him that he did not know how restoration to duty worked and that had he no guidance other than

to contact the return-to-work specialist, but he also stated that if the appellant were able to medically qualify he could enter the agency's Air Traffic Controller Reinstatement Program (ATCRP). *Id.* at 5. The appellant further relates that on August 24, 2017, he contacted doctors with the Aviation Medical Advisory Service, who advised him that he could obtain medical certification. *Id.* The appellant states that on the following day he contacted the acting Charlotte ATM again to ask about entering the ATCRP, but the acting Charlotte ATM told him that he would be unwilling and unable to submit him for consideration. *Id.* The appellant asserts that on January 12, 2018, the Atlanta ATM assisted him in applying to the ATCRP. *Id.* However, on February 1, 2018, the Atlanta ATM informed him that the FAA had found him physically disqualified to be an Air Traffic Controller. *Id.*

¶7    The appellant further relates that on June 15, 2018, another employee with the agency's OWCP office came to his house to discuss his case. IAF, Tab 1 at 5. According to the appellant, he told the OWCP specialist "everything that had been going on" and that he was trying to work with the agency. *Id.* The appellant states that the OWCP specialist told him that he should have been given priority placement status, which would have guaranteed him consideration and an interview for the jobs for which he had applied. *Id.* According to the appellant, the OWCP specialist told him he would see what he could do to help and get back to him. *Id.* The appellant states that, as of the date this appeal was filed, he had not heard back from the OWCP specialist and was not receiving consideration for positions for which he had applied since the June 15, 2018 visit. *Id.*

¶8    The appellant filed this appeal on June 30, 2018. IAF, Tab 1. Before issuing an initial decision, the administrative judge made a preliminary determination that the appellant had established jurisdiction under 5 C.F.R. § 353.304(c) by making nonfrivolous allegations that the agency had arbitrarily and capriciously denied him restoration as a partially recovered employee. IAF, Tab 15. The administrative judge noted that the agency had not provided

evidence that it conducted a search of the Charlotte local commuting area to determine whether there was a vacant position to which it could have restored the appellant, as required under 5 C.F.R. § 353.301(d).  IAF, Tab 15 at 2 n.1.

¶9        In response, the agency provided evidence including a September 12, 2018 declaration by a FAA Human Resources Specialist, who averred that on August 17, 2018, and again on September 12, 2018, she conducted a search for vacancies in the Charlotte local commuting area that were compatible with the appellant's qualifications and lack of a medical clearance, but did not find any vacant positions for which the appellant was eligible.  IAF, Tab 25 at 15-17.  The agency also provided a spreadsheet listing all FAA vacancies in the Charlotte local commuting during the period from June 21, 2017, to September 21, 2018.  *Id*. at 18.  The spreadsheet indicated that the appellant was not qualified for any of the identified positions.  *Id.*

¶10       Based on his review of the written record, the administrative judge issued an initial decision in the appellant's favor.  IAF, Tab 26, Initial Decision (ID).  He first found that the appellant had partially recovered from a compensable injury and was therefore entitled to restoration rights under 5 C.F.R. § 353.301(d).  ID at 6-7.  The administrative judge further found that the agency had arbitrarily and capriciously denied him restoration.  ID at 8-11.  Specifically, he found while the agency had provided uncontested evidence that it searched within the Charlotte local commuting area for vacant FAA positions to which the appellant could be assigned, it was also required under 5 C.F.R. § 353.301(d) to search for suitable positions within other components of the Department of Transportation (DOT), and it had not done so.  ID at 9-11.  He further found that the appropriate remedy was for the agency to conduct an appropriate search within the Charlotte local commuting area, retroactive to the date of the appellant's request for restoration, and to consider him for any suitable vacancies.  ID at 11.  Accordingly, he reversed the denial of the appellant's request for

restoration and remanded the matter to the agency to conduct the required search. *Id.* He declined to grant interim relief under 5 U.S.C. § 7701(b)(2). ID at 13.

¶11　　　In its petition for review, the agency argues that the initial decision should be reversed on the following grounds: (1) the administrative judge erred in finding that the appellant was partially recovered when the Department of Labor (DOL) had not made such a determination; and (2) assuming the appellant was partially recovered, the appeal was untimely because it was not filed within 30 days of the date of his partial recovery, i.e., June 21, 2017. Petition for Review (PFR) File, Tab 1. In his cross petition for review, the appellant contends the administrative judge erred in finding that the agency conducted an adequate search within the FAA. PFR File, Tab 3. The appellant has filed a response to the agency's petition for review, and the agency has replied to the appellant's response. PFR File, Tabs 4-5. The agency has also filed a response to the appellant's cross petition for review. PFR File, Tab 7.

## ANALYSIS

¶12　　　The Federal Employees' Compensation Act, 5 U.S.C. § 8151, provides that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Congress has granted OPM the authority to issue regulations governing the obligations of employing agencies in this regard. 5 U.S.C. § 8151(b). Pursuant to this authority, OPM has issued regulations requiring agencies to make certain efforts toward restoring employees with compensable injuries to duty, depending on the timing and extent of their recovery. 5 C.F.R. § 353.301; *see Smith v. U.S. Postal Service*, 81 M.S.P.R. 92, ¶ 6 (1999).

¶13　　　The regulation at 5 C.F.R. § 353.301(d) concerns the restoration rights granted to "partially recovered" employees, defined in 5 C.F.R. § 353.102 as injured employees who, "though not ready to resume the full range" of their

duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." Section 353.301(d) requires agencies to "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty. At a minimum, this would mean treating [him] substantially the same as other disabled individuals under the Rehabilitation Act."[2] 5 C.F.R. § 353.301(d). As the administrative judge noted, the Board has observed that an agency's reassignment obligations under the Rehabilitation Act are not limited to a particular type of work or to positions within a particular office or branch of the agency. *Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 18 (2011).

¶14     The regulation at 5 C.F.R. § 353.304 provides Board appeal rights to individuals affected by restoration decisions under 5 C.F.R. § 353.301. As relevant here, the regulation provides that a partially recovered employee "may appeal to [the Board] for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." 5 C.F.R. § 353.304(c). In order to prevail on the merits in such an appeal, the appellant must prove the following elements by a preponderance of the evidence: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required; (3) the agency denied the request for restoration; and (4) the denial was arbitrary and capricious because of

---

[2] The Rehabilitation Act incorporates by reference the regulatory standards for the Americans with Disabilities Act. 29 U.S.C. § 791(f); *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 13 n.5 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016); 29 C.F.R. § 1614.203(b).

the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d).[3] *See Kingsley*, 123 M.S.P.R. 365, ¶ 11; 5 C.F.R. § 1201.57(a)(4), (b).

¶15    Here, it is undisputed that the appellant was absent due to a compensable injury. With regard to the second element, the agency argues that the administrative judge erred in finding that the appellant was partially recovered when DOL had not issued a ruling to that effect. However, we are not aware of any authority for the proposition that such a ruling is a prerequisite for finding that an employee is partially recovered under 5 C.F.R. § 353.102. The Board has found partial recovery based on medical documentation alone, *e.g.*, *Corum v. U.S. Postal Service*, 118 M.S.P.R. 288, ¶¶ 15-18 (2012), and we agree with the administrative judge that the report by the appellant's neurologist is sufficient to establish that, as of June 21, 2017, the appellant had recovered sufficiently to work in a sedentary position. As to the remaining elements, it is undisputed that the agency denied the appellant's requests for restoration and that it did not extend its search to other components of DOT, as required under 5 C.F.R. § 353.301(d).

¶16    We find no merit to the agency's argument that the appeal was untimely filed. The Board's regulations provide that an appeal of an agency action must be filed no later than 30 days after the effective date of the action being appealed or 30 days after receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). Thus, the deadline for filing an appeal under 5 C.F.R. § 353.304(c) is determined not by the date of partial recovery, but rather by the date of the action on appeal, i.e., the alleged denial of restoration. *See Hardy v. U.S. Postal Service*, 104 M.S.P.R. 387, ¶ 15, *aff'd*, 250 F. App'x 332 (2007). While the agency in this case did not issue a formal notice denying the appellant

---

[3] We agree with the administrative judge that the appellant established the Board's jurisdiction under 5 C.F.R. § 353.304(c) by making nonfrivolous allegations with respect to all four elements. IAF, Tab 15; *see Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016).

restoration, we find that the agency's delay in restoring him, despite his continued good faith efforts to return to work, constitutes a denial of restoration that was ongoing at the time the appeal was filed.[4]  *See Chism v. U.S. Postal Service*, 85 M.S.P.R. 436, ¶¶ 9-10 (2000) (finding that the agency's delay in restoring the appellant was equivalent to a denial of restoration).[5]

¶17     Given the disposition of this appeal, it is unnecessary to rule on the appellant's cross petition for review.  As the administrative judge correctly found, the appropriate remedy is for the agency to conduct a new search, retroactive to June 21, 2017, consistent with its obligations under 5 C.F.R. § 353.301(d).  *See Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 14 (2012).  This entails that the agency search for suitable positions in the Charlotte local commuting area, consistent with the requirements of the Rehabilitation Act, throughout the whole of DOT—the FAA included.  *See Sanchez*, 117 M.S.P.R. 155, ¶ 18.  If the appellant believes the agency has not complied with the Board's order, he may file a petition for enforcement in accordance with the instructions provided below.

## ORDER

¶18     The agency is ORDERED to conduct a proper search retroactive to June 21, 2017, and to consider the appellant for any suitable assignments available during that time period consistent with its restoration obligations under 5 C.F.R. § 353.301(d).  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed.

---

[4] Even if the appeal had not been timely filed, we would consider the agency's failure to provide the notice of appeal rights required under 5 C.F.R. § 353.104 in determining whether there was good cause for the filing delay.  *See Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶¶ 10-14 (2007).

[5] *Chism* was overruled in part on other grounds by *Chen v. U.S. Postal Service*, 97 M.S.P.R. 527 (2004), which was overruled by *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), which was overruled by *Cronin v. U.S. Postal Service*, 2022 MSPB 13.  However, the proposition for which *Chism* is cited remains good law.

Cir. 1984). The agency must complete this action no later than 30 days after the date of this decision.

¶19 In the event the agency's retroactive job search uncovers available work to which it could have restored the appellant, the agency is ORDERED pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶20 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all

documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



| | **DEFENSE FINANCE AND ACCOUNTING SERVICE**<br>**Civilian Pay Operations** |
|---|---|

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.